# EXHIBIT "1"

# EXHIBIT "1"

RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 S. 4th Street
Las Vegas, Nevada 89101
rschonfeld@cslawoffice.net
(702) 384-5563
Attorney for Wade Beavers

**IN THE JUSTICE COURT OF RENO TOWNSHIP**

**COUNTY OF WASHOE, STATE OF NEVADA**

| | |
|---|---|
| WADE BEAVERS,<br><br>Applicant,<br><br>-vs-<br><br>LATONIA SMITH,<br><br>Adverse Party. | **CONTINUATION PAGES TO APPLICATION FOR ORDER FOR PROTECTION AGAINST STALKING, AGGRAVATED STALKING, OR HARASSMENT (NRS 200.591)** |

This Court previously issued a Temporary Protective Order in favor of Applicant Wade Beavers ("Mr. Beavers" or "Applicant") and against Adverse Party Latonia Smith ("Ms. Smith" or "Adverse Party") in this action on May 1, 2019. On June 4, 2019, the Court conducted a hearing to determine whether or not it should enter an extended Temporary Protective Order against Ms. Smith.[1] The Court issued another Temporary Protective Order, and scheduled a follow-up hearing on July 30, 2019.[2] Mr. Beavers and Ms. Smith returned to Reno Justice Court on July 30, 2019. The Court did not extend the Temporary Protective Orders since Ms. Smith did not contact Mr. Beavers in the interim. Since that time, Ms. Smith's actions have substantially devolved.

On October 31, 2019, Ms. Smith arrived at Mr. Beavers' home. Mr. Beavers heard his doorbell ring, and being Halloween, he answered the door believing the person to be a trick-or-treater. When Mr. Beavers opened that door **Ms. Smith forcibly entered the apartment**. As Mr. Beavers tried to close the door, Ms. Smith forcibly pushed the door in, knocking Mr. Beavers to the ground and injuring him. **She pointed a gun at him** and said "We're just going to have a chat."

---

[1] *See generally* Transcript of June 4, 2019 Hearing on Beavers and Braselton Temporary Protective Orders against Latonia Smith, attached as **Exhibit 1**.
[2] *Id.* at 50-51, 53.

Mr. Beavers immediately fled his home. It is Mr. Beavers' understanding that an arrest warrant was executed on Ms. Smith on November 1, 2019, that Ms. Smith is in federal custody, and that federal and state court charges are being pursued. This requested Protective Order against Ms. Smith is in the event Ms. Smith is released on bail.

While this Court is familiar with many of the facts and background history between Mr. Beavers and Ms. Smith, Mr. Beavers represents the prior factual history for the Court's convenience, as well as Ms. Smith's continued harassing behavior since the initial Temporary Protective Order was not extended.

### A. Ms. Smith's Mother's Termination, the Corresponding Threats and Harassment, and the First Temporary Protective Order against Ms. Smith.

On November 15, 2017, Ms. Smith's mother, Annecer Peruzar, was terminated from her employment as a Guest Room Attendant at Planet Hollywood.[3] Shortly thereafter, Samantha Radak, the employee tasked with informing Mrs. Perzuar of her termination, began receiving "anonymous" threatening messages and social media posts under pseudonyms, ranging from calling Ms. Radak a racist to saying "bitch die."[4] Ms. Radak, through her counsel at Fennemore Craig, P.C. (Mr. Beavers' law firm), sought a Temporary Protective Order against Ms. Smith as a result of these threatening messages and posts.[5] Caesars Entertainment Corporation, Planet Hollywood, and Ms. Radak also initiated litigation against Ms. Smith in an attempt to stop her threatening and hostile behavior.[6] On March 19, 2018, the Las Vegas Justice Court issued a Temporary Protective Order in favor of Ms. Radak and against Ms. Smith.[7]

---

[3] Complaint in *Annecer Peruzar v. Caesars Entertainment Corporation, et al.*, Eighth Judicial District Court Case No. A-18-784032-C, at ¶ 5.
[4] March 15, 2018, Emergency Application for Order for Protection Against Stalking, Aggravated Stalking, or Harassment (NRS 200.591) in Las Vegas Township Justice Court Case No. 18PO0421, attached as **Exhibit 2**, at its Exhibit 2.
[5] *Id.*
[6] Complaint in *Caesars Entertainment Corporation, et al. v. Latonia Smith*, Eighth Judicial District Court Case No. A-18-771192-C.
[7] Temporary Protective Order Against Latonia Smith in favor of Samantha Radak, attached as **Exhibit 3**.

B. **The Peruzar Litigation, Ms. Smith's Inappropriate Actions toward Fennemore Craig, and the Second Temporary Protective Order against Ms. Smith.**

On November 5, 2018, Annecer Peruzar initiated a lawsuit against Caesars Entertainment Corporation and Planet Hollywood related to her termination from Planet Hollywood.[8] Fennemore Craig, P.C. ("Fennemore") represents defendants Caesars Entertainment and Planet Hollywood in the Peruzar Litigation. Specifically, Fennemore Director Shannon Pierce ("Ms. Pierce") and Fennemore associate Mr. Beavers are the lead attorneys for defendants in the Peruzar Litigation.

Ms. Smith later submitted an affidavit in the Peruzar Litigation accusing Ms. Pierce of being a "lying, lonely, bitter old woman" with a "cognitive deficiency" and a "disgrace to the professional community."[9] On April 17, 2019, following a hearing in the Peruzar Litigation, Ms. Smith threatened Ms. Pierce in person, specifically threatening to "f--- up" Ms. Pierce and punch her in the face.[10] In response to Ms. Smith's threatening behavior, which was captured by both audio and video footage, Ms. Pierce filed an Application for a Temporary Protective Order against Ms. Smith the following day,[11] which the Las Vegas Justice Court subsequently issued in favor of Ms. Pierce and against Ms. Smith.[12]

C. **The "Anonymous" Death Threat to Mr. Beavers and Other Fennemore Employees Associated with the Peruzar Litigation and the Third Set of Temporary Protective Orders Against Ms. Smith.**

A week after Ms. Smith's threatening and hostile behavior toward Ms. Pierce, Mr. Beavers, and another Fennemore employee, Shawna Braselton, received an "anonymous" letter exclaiming: "IT'LL BE THE END OF LIVES . . . EMBODYING THE RAGE OF ALL MASS MURDERERS . . . WILL NEVER SEE IT COMING . . . IT WILL BE LIGHTS OUT" and "CONGRATULATIONS YOU HAVE JUST BEEN ADDED TO THE HIT LIST . . . NO ONE IS WALKING AWAY UNSCATHED . . . P.S. CONGRATS ON YOUR WEDDING SHAWNA.

---

[8] *See generally*, Complaint in *Annecer Peruzar v. Caesars Entertainment Corporation, et al.*, Eighth Judicial District Court Case No. A-18-784032-C (the "Peruzar Litigation").
[9] Latonia Smith's April 16, 2019 Affidavit, attached as **Exhibit 4**, at ¶ 1.
[10] *See* April 21, 2019 Affidavit of Shannon Pierce, attached as **Exhibit 5**, at ¶¶ 2-6.
[11] April 18, 2019, Application for Order for Protection Against Stalking, Aggravated Stalking, or Harassment (NRS 200.591) in Las Vegas Township Justice Court Case No. 19PO0589, attached as **Exhibit 6**.
[12] May 21, 2019 Temporary Protective Order in Las Vegas Township Justice Court Case No. 19PO0589, attached as **Exhibit 7**.

- 3 -

HOPEFULLY YOU WILL BE AROUND FOR MANY YEARS TO ENJOY IT."[13] As a result of, and in response to, the "anonymous" death threat, Mr. Beavers and Ms. Braselton sought, and this Court issued, Temporary Protective Orders against Ms. Smith.[14]

On June 4, 2019, this Court conducted a hearing to determine whether or not it should enter an extended Temporary Protective Order against Ms. Smith.[15] The Court issued another Temporary Protective Order, and scheduled a follow-up hearing on July 30, 2019.[16] The Court cautioned Ms. Smith that "even if [the temporary protective order] is not extended, it's always without a prejudice so that an applicant can come back in and apply again, and now there's a record" and that the outcome could be "drastically difference" compared to the first series of temporary restraining orders.[17]

Mr. Beavers, Ms. Braselton, and Ms. Smith all returned to Reno Justice Court on July 30, 2019. The Court did not extend the Temporary Protective Orders since Mr. Beavers and Ms. Braselton were not harassed in the interim.

**D.      Ms. Smith's False Allegations Regarding Mr. Beavers.**

As a threshold matter, Mr. Beavers does not know Ms. Smith, does not want contact with Ms. Smith, obtained the above-mentioned protective order against Ms. Smith, and has only been in Ms. Smith's presence on three limited occasions (during public court hearings on his prior-obtained protective order, and once in response to the fraudulent temporary protective order Ms. Smith sought against him, discussed below ) prior to her pulling a gun on him on October 31.

On September 4, 2019, Ms. Smith sent Mr. Beavers correspondence accusing him of sending her sexually explicit communications, letters and/or "clues/keys" containing sexually explicit messages; leaving sexually explicit communications at her doorstep and/or car; and stalking

---

[13] Death Threat received at Fennemore's Reno Offices on April 25, 2019 addressed to Wade Beavers and Shawna Braselton, attached as **Exhibit 8** (emphasis and capitalization in original).
[14] May 1, 2019 Temporary Protective Order in Reno Township Justice Court Case No. RCP2019-000263, attached as **Exhibit 9**; May 1, 2019 Temporary Protective Order in Reno Township Justice Court Case No. RCP2019-000262, attached as **Exhibit 10**.
[15] See generally, Ex. 1.
[16] Id. at 50-51, 53.
[17] Ex. 1 at 52.

- 4 -

HOPEFULLY YOU WILL BE AROUND FOR MANY YEARS TO ENJOY IT."[13] As a result of, and in response to, the "anonymous" death threat, Mr. Beavers and Ms. Braselton sought, and this Court issued, Temporary Protective Orders against Ms. Smith.[14]

On June 4, 2019, this Court conducted a hearing to determine whether or not it should enter an extended Temporary Protective Order against Ms. Smith.[15] The Court issued another Temporary Protective Order, and scheduled a follow-up hearing on July 30, 2019.[16] The Court cautioned Ms. Smith that "even if [the temporary protective order] is not extended, it's always without a prejudice so that an applicant can come back in and apply again, and now there's a record" and that the outcome could be "drastically difference" compared to the first series of temporary restraining orders.[17]

Mr. Beavers, Ms. Braselton, and Ms. Smith all returned to Reno Justice Court on July 30, 2019. The Court did not extend the Temporary Protective Orders since Mr. Beavers and Ms. Braselton were not harassed in the interim.

**D.    Ms. Smith's False Allegations Regarding Mr. Beavers.**

As a threshold matter, Mr. Beavers does not know Ms. Smith, does not want contact with Ms. Smith, obtained the above-mentioned protective order against Ms. Smith, and has only been in Ms. Smith's presence on three limited occasions (during public court hearings on his prior-obtained protective order, and once in response to the fraudulent temporary protective order Ms. Smith sought against him, discussed below ) prior to her pulling a gun on him on October 31.

On September 4, 2019, Ms. Smith sent Mr. Beavers correspondence accusing him of sending her sexually explicit communications, letters and/or "clues/keys" containing sexually explicit messages; leaving sexually explicit communications at her doorstep and/or car; and stalking

---

[13] Death Threat received at Fennemore's Reno Offices on April 25, 2019 addressed to Wade Beavers and Shawna Braselton, attached as **Exhibit 8** (emphasis and capitalization in original).
[14] May 1, 2019 Temporary Protective Order in Reno Township Justice Court Case No. RCP2019-000263, attached as **Exhibit 9**; May 1, 2019 Temporary Protective Order in Reno Township Justice Court Case No. RCP2019-000262, attached as **Exhibit 10**.
[15] *See generally*, Ex. 1.
[16] *Id.* at 50-51, 53.
[17] Ex. 1 at 52.

- 4 -

1  her for sexually explicit purposes.[18] The letter did not reference an alleged June 4th assault.[19] Mr.
2  Beavers responded to Ms. Smith's September 4 letter, through counsel, unequivocally denying her
3  false accusations.[20] Ms. Smith, in turn, responded to Mr. Beavers' counsel by telling him to "stay
4  out of matters that don't concern [him]" and calling him a "prick."[21]

5        Ms. Smith then filed an *ex parte* application for a Temporary Protective Order against Mr.
6  Beavers in Las Vegas, alleging for the first time that Mr. Beavers assaulted her following the June
7  4th hearing on his application for Temporary Protective Order against her.[22] Ms. Smith did not raise
8  this unfounded accusation when she returned to this Court on July 30 for the hearing on an extended
9  protective order in favor of Mr. Beavers, nor did she mention it in any prior correspondence.

10       Given the severity of the accusations in Ms. Smith's application for Temporary Protective
11 Order, coupled with the fact that Mr. Beavers was not afforded an opportunity to respond, the Las
12 Vegas Justice Court issued a Temporary Protective Order in favor of Ms. Smith and against Mr.
13 Beavers.[23] But Ms. Smith's allegations are demonstrably untrue.

14       This Court asked Ms. Smith to remain in the courtroom while the bailiff served her with the
15 Temporary Protective Order while excusing Mr. Beavers, Ms. Braselton, and their counsel.[24] Mr.
16 Beavers, Ms. Braselton, and their counsel had private security escort them to their vehicles at the
17 conclusion of the June 4th hearing when Ms. Smith now claims that Mr. Beavers assaulted her.[25]
18 Indeed, Mr. Beavers traveled back to Fennemore's office with Ms. Braselton and their counsel, and
19 Mr. Beavers was never outside the presence of his counsel while leaving the hearing.[26] Thus three
20 witnesses, including a practicing attorney and a former law enforcement officer whose last

---

[18] September 4, 2019 Correspondence from L. Smith to W. Beavers, attached as **Exhibit 11**.
[19] *Id.*
[20] September 6, 2019 Correspondence from A. Fugazzi to L. Smith, attached as **Exhibit 12**.
[21] September 9, 2019 Correspondence from L. Smith to A. Fugazzi, attached as **Exhibit 13**.
[22] September 9, 2019 Application for Temporary Protective Order in Las Vegas Justice Court Case No. 19PO1449, attached as **Exhibit 14**.
[23] September 10, 2019 Temporary Protective Order in Las Vegas Justice Court Case No. 19PO1449, attached as **Exhibit 15**.
[24] *Id.* at 53.
[25] October 2, 2019, Motion to Vacate Temporary Protective order *Nunc Pro Tunc* and for the Court to Deny an Extended Protective Order, attached as **Exhibit 16**, at its Exhibit B, Affidavit of Larry Lodge.
[26] *Id.* at its Exhibits K and L.

employment was supervising Sheriff Sergeant at the Reno Courthouse, testified that the alleged assault could not have occurred.[27]

On October 2, 2019, Mr. Beavers filed a Motion to Vacate the Temporary Protective Order Latonia Smith improperly obtained against him *nunc pro tunc* and for the Court to Deny an Extended Protective Order.[28] The matter came for hearing on October 8.[29] The Court vacated the Temporary Protective Order *nunc pro tunc* as though the Temporary Protective Order was never issued against Mr. Beavers and denied an extended Protective Order.[30] Specifically, the Court held that:

> Ms. Smith failed to clearly inform the Court that Mr. Beavers had a temporary protective order against Ms. Smith through the Reno Justice Court. Ms. Smith had been served with the protective order, and certainly would have known that outcome. The pleadings and exhibits that have been submitted in this case demonstrate that Ms. Smith is familiar with the litigation process. The Court has a concern regarding Ms. Smith withholding critical information from the Court when applying for a restraining order under penalty of perjury. The Court finds that the withholding of the information regarding the issuance of a protective order against Ms. Smith and in favor of Mr. Beavers, adversely impacts Ms. Smith's credibility;

> The Court issued a temporary protective order in an *ex parte* manner prior to Mr. Beavers having the opportunity to present a response to the application. Mr. Beavers submission to the Court contradicts the claims made by Ms. Smith and challenges the credibility of the application that was submitted by Ms. Smith. The Court would not have granted the *ex parte* temporary protective order had it been in possession of the information provided by Mr. Beavers in his Motion to Vacate. The Court finds that there is a plethora of evidence submitted by Mr. Beavers that discredits the application filed by Ms. Smith.[31]

---

[27] *Id.*
[28] *Id.*
[29] *See* October 28, 2019 Order Vacating Temporary Protective Order Nunc Pro Tunc and Denying Motion for an Extended Protective Order, attached as **Exhibit 17**.
[30] *Id.*
[31] *Id.*

Tellingly, the Court concluded by "caution[ing] Ms. Smith that there are new statutes in place that can subject a party to criminal penalties for the filing of incorrect documents with a court."[32]

### E. The Second "Anonymous" Death Threat to Fennemore Employees Associated with the Peruzar Litigation.

On September 30, 2019, Fennemore attorneys including Ms. Pierce and Tyre Gray received harrowing death threats at their respective Reno and Las Vegas offices. The death threat provided:

> Your throat will be slit you will be recorded as the blood spills from your neck and just as you gasp to take your final undeserving breath three bullets will be placed right through your skull You will be hunted to the ends of the earth young or old You and every blood relative you leave behind you and every friend you have you and every person who speaks to you you and every person who helps you you and every single one of you will suffer and will be slaughtered like less than animals When you least expect it you will beg for your lives and your childrens lives. everyone around you will die a painful death The marks of your dried tears will be left with your bloodied brain splattered across the floor your body will be fed to the animals and the insects who sit above you Petition the gods to die a different death petition them to grant you mercy in the next life because none will be found in this one and there will be no mercy in your death petition them for some other death than the one that will meet you at the hands of the black and pale horse because when you are caught there will only be suffering the horses have been dispatched jihad has been declared against you the black horse carries scales in his hand the pale horse has a rider and his name is death they will hunt you until they rid you of your place here they will come like thieves in the night and your destruction will come suddenly like labor pains your suns will become black like sackcloth and your moons will become like blood you will stand before the white throne of the gods and they will judge you using the book of life you will be thrown with hades and death into the lake of fire the gods will reward those who bring you to your end through pain and suffering You will suffer and die for your sins may the odds of a different death be ever in your favor.[33]

---

[32] Id.
[33] September 30, 2019 Death Threats received by Shannon Pierce and Tyre Gray, attached as **Exhibits 18** and **19**, respectively.

The death threat received by Ms. Pierce also included a note that "thee shall kicketh the bucket first."[34] Unsurprisingly, Mr. Gray is also associated with the Peruzar Litigation. Indeed, the Peruzar Litigation is the common thread that links Mr. Beavers, Ms. Braselton, Mr. Gray, and Ms. Pierce.

### F. The Fennemore and Pierce Litigation.

Consistent with her repeated, harassing behavior, Ms. Smith filed two concurrent lawsuits in May 2019 against: (1) Fennemore,[35] and (2) Ms. Pierce, Caesars Entertainment Corporation, and Planet Hollywood.[36] The claims in both cases are virtually identical: Ms. Smith falsely alleges that a Fennemore attorney made defamatory and racist comments toward her and that Fennemore attorneys improperly sought Temporary Protective Orders against Ms. Smith in a concerted effort to harass her.[37]

Fennemore and Ms. Pierce have both sought dismissal of the respective actions because: (1) the Complaints are barred by Nevada's anti-SLAPP statute, NRS 41.660, and the absolute litigation privilege since they wholly relate to Fennemore's representation of its clients and employees and petitioning the courts for redress; and (2) Ms. Smith's claims fail as a matter of law.[38]

Because of the high probability of success on their Motions, Fennemore and Ms. Pierce also sought to stay discovery in the respective actions pending resolution of their Motions to Dismiss.[39] In response, Ms. Smith issued overly broad and onerous subpoenas to Fennemore and seven of its employees, improperly seeking to personally inspect Fennemore's Nevada offices, depose the Fennemore employees (including Mr. Beavers), forensically examine the Fennemore employees' *personal* computers and cellphones, and compel the production of privileged, work product, and confidential documents.[40] The subpoenas not only demonstrated an abuse of the discovery process,

---

[34] Ex. 18.
[35] See United States District Court, District of Nevada Case No. 2:19-cv-00856-GMN-NJK (the "Pierce Action").
[36] See United States District Court, District of Nevada Case No. 2:19-cv-00824-GMN-EJY (the "Fennemore Action").
[37] See Motion to Consolidate Cases, ECF No. 48 in the Pierce Action, attached as **Exhibit 20**.
[38] See e.g., Motion to Dismiss in the Fennemore Action, ECF No. 10, attached as **Exhibit 21**.
[39] See e.g., July 31, 2019 Motion to Stay Discovery in the Fennemore Action, ECF No. 19, attached as **Exhibit 22**.
[40] See Redacted Emergency Motion to Quash, or in the Alternative, Motion for a Protective Order in the Fennemore Action, ECF No. 37, attached as **Exhibit 23**.

they also reflected Ms. Smith's troubling and devolving pattern. In response, Fennemore and the subpoenaed Fennemore employees filed an Emergency Motion to Quash the Subpoenas, or in the Alternative, for a Protective Order.[41]

Magistrate Youchah, the presiding Magistrate over the Fennemore Action, set a hearing for September 25, 2019 on Fennemore's Emergency Motion to Quash, as well as numerous other pending discovery motions, including Fennemore's Motion to Stay Discovery.[42] Magistrate Youchah granted Fennemore's Motion to Stay Discovery and denied all other outstanding discovery motions, without prejudice, as moot.[43] In granting Fennemore's Motion, Magistrate Youchah found that Ms. Smith made "highly unusual allegations of improper conduct by Fennemore counsel during the course of state court litigation"[44] and that Ms. Smith's Complaint was "highly unlikely" to survive dismissal for six reasons: "(1) Fennemore is immune from liability under NRS 41.650; (2) Plaintiff's claims are barred by the absolute litigation privilege; (3) Plaintiff has not pleaded and cannot prove an actionable civil conspiracy; (4) Plaintiff has not pleaded a plausible claim for slander/slander per se or defamation/defamation per se claim; (5) Plaintiff has not pleaded a plausible claim for IIED; and (6) Plaintiff's cause of action for a permanent injunction fails as a matter of law."[45] Magistrate Youchah issued her oral order staying discovery from the bench on September 25, 2019, and formally entered her findings on September 30, 2019.[46]

In response to the adverse ruling, Ms. Smith's behavior became further unhinged. Fennemore believes that Magistrate Youchah's ruling was the catalyst for the death threats to Mr. Gray and Ms. Pierce received just days later.[47] Ms. Smith promptly filed objections to Magistrate Youchah's Order,[48] as well as an Emergency Motion to Vacate Magistrate Youchah's Order[49] and an Emergency Motion to Lift Stay.[50] When the Court denied Ms. Smith's emergency relief *sua*

---

[41] *Id.*
[42] *See* Magistrate Youchah's Order, ECF No. 67 in the Fennemore Action, attached as **Exhibit 24**, at 10:16.
[43] *Id.* at 11:8-12:6.
[44] *Id.* at 2:6-8.
[45] *Id.* at 4:22-28.
[46] *Id.*
[47] *See* Exs. 19, 20.
[48] ECF No. 69 in the Fennemore Action.
[49] ECF No. 70 in the Fennemore Action.
[50] ECF No. 71 in the Fennemore Action.

*sponte*,[51] Ms. Smith again filed Motions to Vacate Magistrate Youchah's Order and to Lift the Stay of Discovery.[52] In those Motions, Ms. Smith falsely accuses the Court of allowing defendants time to delete and alter evidence/testimony, accuses the Court of being "incredibly naïve and/or just completely ignorant," accuses the Court of "aiding defendants," and challenges the Court's ethics.[53]

Ms. Smith also filed an "Emergency" Motion to Expedite the Ruling on her pending Motion to Remand the Pierce Action,[54] which the Court similarly denied *sua sponte*, finding that Ms. Smith failed to present any evidence that the delay in deciding her motion has allowed defendants to delete and alter evidence.[55] Ms. Smith responded by refiling her Motion with additional commentary directed toward the Court.[56] There, Ms. Smith accused the Court of "aiding defendants as they always have been,"[57] accused the Court of not reading her Motion,[58] threatened that her "patience with this Court is wearing thin,"[59] and asserted that she "will be filing a writ next (eye roll)."[60]

On October 17, 2019, Magistrate Koppe granted Ms. Pierce's analogous Motion to Stay Discovery in the Pierce Action.[61] In response, Ms. Smith filed a vitriolic and hate-filled Objection and "Motion for New Review."[62] Ms. Smith's filing is nothing short of indecorous. Ms. Smith referred to Fennemore's counsel as "deplorable"[63] and Magistrate Youchah as "dishonorable."[64] She falsely accused the Court and defendants of having *ex parte* communications, referred to the Court as "just another arm of defendants' defense team,"[65] and accused the Court of "actively assisting defendants."[66] Ms. Smith stated that the judiciary needs to get "their heads from out of

---

[51] ECF Nos. 72, 73 in the Fennemore Action.
[52] *See* Second Motion to Vacate Order of Magistrate Judge and Lift Stay, ECF No. 74 in the Fennemore Action, and attached as **Exhibit 25**.
[53] *Id.* at 1:27-2:4.
[54] See ECF No. 88 in the Pierce Action.
[55] *See* ECF No. 91 in the Pierce Action.
[56] *See* ECF No. 92 in the Pierce Action, and attached as **Exhibit 26**.
[57] *Id.* at 1:25-26.
[58] *Id.* at 2:1-2.
[59] *Id.* at 2:15.
[60] *Id.* at 4:5.
[61] See ECF No. 93 in the Pierce Action.
[62] See ECF No. 95 in the Pierce Action, and attached as **Exhibit 27**.
[63] *Id.* at 2:6.
[64] *Id.* at 2:7.
[65] *Id.* at 2:9-12.
[66] *Id.* at 3:3-4.

their own piss filled toilets."[67] She objected to "white judges" stating that she is "highly sick of you old, out-of-touch, racist, pathetic white judges"[68] because they are "psychologically incapable of any type of unbiased decisions."[69] She called Magistrate Koppe "ignoble,"[70] "corrupt,"[71] and "mentally incapable of being impartial and handicapped by the same white supremacist mentality held by vile whites in this country."[72] Ms. Smith accused the Court of being mostly filled by white supremacists, and called it a "KKK Kangaroo Court."[73] Ms. Smith concludes: "you are all full of shit. Sincerely."

      G.     **The Fraudulent State Court Complaint against Mr. Beavers and Fennemore.**

On October 21, 2019, Ms. Smith filed another lawsuit in Nevada's Eighth Judicial District Court against Mr. Beavers, Fennemore Craig, and the State of Nevada regarding the alleged June 4, 2019 assault. In the caption, Ms. Smith requests "NOT TO ASSIGN TO A WHITE JUDGE IF POSSIBLE (THEY ARE INHERENTLY BIASED/RACIST AGAINST MINORITIES AND IT IS JUST A PART OF THEIR PSYCHOLOGICAL MAKEUP AND TRAINING; THANK YOU)".[74] In that Complaint, Ms. Smith repeatedly refers to Justice Pierre Hascheff as a "white racist"[75] and claims she was threatened "by the racist Hascheff."[76] Mr. Beavers and Fennemore will be responding to the Complaint, which they believe is vexatious.

To date, Ms. Smith has attacked: (1) Caesars and PHWLV (alleging that they terminated Ms. Peruzar's employment "based solely on the fact that she was African American"[77] and that Caesars and PHWLV filed an application for a temporary protective order against Ms. Smith in a "hate-filled, retaliatory agenda"[78]); (2) Samantha Radak, the individual who informed Ms. Peruzar that her employment was terminated (Ms. Radak received various emails and social media posts,

---

[67] *Id.* at 2:14-17.
[68] *Id.* at 2:18 and fn. 1.
[69] *Id.* at 2:18-20.
[70] *Id.* at 2:18.
[71] *Id.* at 2:21.
[72] *Id.* at 2:23-25.
[73] *Id.* at 3:11-15.
[74] *See* Complaint in Case No. A-19-803954-C, attached as **Exhibit 28**.
[75] *Id.* at ¶¶ 10, 20.
[76] *Id.* at ¶ 16.
[77] ECF No. 1 in the Fennemore Action, at 5:4-5.
[78] *Id.* at 6:5-6.

many sent through pseudonyms, calling Ms. Radak "racist," a "bigot," a "piece of trash," and saying "b*tch die"[79]); (3) Fennemore (alleging that Fennemore has a "hate of African Americans in general"[80] and calling the law firm "an organized ring of white-collar thugs,"[81] who are "no different from white supremacists"[82]); (4) Ms. Pierce (asserting in a publicly-filed affidavit that "Attorney Shannon Pierce (if she can even be called that) is a lying, lonely, bitter old woman and it seems as though she has a cognitive deficiency"[83] and calling Ms. Pierce "one of those disgraces to the professional community."[84]); (5) Fennemore's counsel (asserting that "These people [Fennemore and its counsel] obviously have a problem with African Americans and are no different from white supremacists as evidenced by their hateful rhetoric and continued malicious actions,"[85] calling counsel bottom-feeders,[86] stating that counsel "have no moral or ethical compass,"[87] calling counsel "quite the miniature pest"[88] and threatening to "not annoy [Ms. Smith] past [her] threshold, which is very minimal"[89] and including a drawing stating that short people are "closer to hell."[90]); (6) the Justice Court judges, **including this Court** (Ms. Smith asserts without any evidentiary support that "the justice court judges that issued automatic temporary orders are currently under investigation…."[91] and repeatedly referred to Justice Hascheff as a "white racist"[92]); and most currently, (7) the Court, as outlined above.

For each of these reasons, this Court should enter a Temporary Protective Order against Adverse Party requiring that Adverse Party refrain from contacting, intimidating, threatening or otherwise interfering with Mr. Beavers and/or other persons identified in the Application, either

---

[79] Ex. 2, at its Exhibit 2
[80] ECF No. 1 in the Fennemore Action, at 3:14.
[81] ECF No. 21 in the Fennemore Action, at 5:6.
[82] ECF No. 55 in the Pierce Action, at 17:22-23.
[83] Ex. 4, at ¶1.
[84] Id.
[85] ECF No. 55 in the Pierce Action, at 17:22-23.
[86] ECF No. 40 in the Fennemore Action, at 2:5.
[87] ECF No. 40 in the Fennemore Action, at 2:1.
[88] *See* October 15, 2019 Correspondence from Latonia Smith to Alex Fugazzi, attached as **Exhibit 29**.
[89] Id.
[90] Id.
[91] ECF No. 21 in the Fennemore Action at 22:7-10. Despite Ms. Smith's contentions, the Justice Court heard evidence on both hearings before issuing temporary protective orders against Ms. Smith.
[92] Ex. 28 at ¶¶ 10, 16, 20.

- 12 -

directly or through an agent. The Court should further require Adverse Party to stay away from the places listed in the Application, including Mr. Beavers' home and place of employment.

The Court should further set a hearing date for an Extended Order as soon as possible.

Dated this 5th day of November, 2019.

                Respectfully Submitted:

*/s/ Richard A. Schonfeld*
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 S. 4th Street
Las Vegas, Nevada 89101
rschonfeld@cslawoffice.net
(702) 384-5563
Attorney for Wade Beavers