# EXHIBIT "3"

# EXHIBIT "3"

November 4, 2019

Mr. Steven Myhre, Esq.
Assistant U.S. Attorney

Dear Mr. Myhre:

I write to express my concern about Ms. Latonia Smith being released from custody. In short, I have a serious and immediate concern that my personal safety, as well as the safety of my colleagues, will be in jeopardy if Ms. Smith is released from custody.

By way of background, I am a defense attorney practicing exclusively in civil litigation. I have never been the subject of threats of physical violence until this past year. In November 2018, I began representing two corporate clients in a lawsuit filed by Ms. Smith's mother, Annecer Peruzar. From the beginning of the lawsuit, Ms. Smith has been fixated on the case, to the point that she took responsibility for writing the various documents that were filed in court on her mother's behalf. (I know this because her mother's former attorney confirmed under oath that this had occurred.) At the beginning of the case, the writings that were submitted to the court on Ms. Peruzar's behalf lodged various verbal attacks against my clients. Within a few months of the case being filed, however, the tone of those filings changed. Instead of discussing the alleged actions of my clients, these writings began to refer almost exclusively to me (by name), to the point that it was clear that the wrath of whoever was writing those documents (which has now been confirmed to be Ms. Smith) was focused on me. In subsequent months, Ms. Smith's writings also demonstrated a growing fixation on the other attorney from my office who was assigned to the case, Mr. Wade Beavers, and my paralegal, Shawna Braselton.

My colleagues and I have done absolutely nothing to deserve Ms. Smith's wrath. We have been targeted by her solely for doing our jobs.

Further, I have observed Ms. Smith's threatening behavior escalate over time. The first time that Ms. Smith threatened me (in person in April 2019), Ms. Smith referenced punching me in the face and "f*cking" me up. Ms. Smith made these threats while we were standing in a courthouse surrounded by courthouse security. The fact that Ms. Smith made those types of threats in that environment signaled to me that she either is incapable of demonstrating rational thought or simply does not care about the consequences of her actions.

Since April 2019, Ms. Smith's threats have only escalated in frequency, specificity, and with respect to the type of harm that Ms. Smith has threatened. As of only a few weeks ago, the threat that I (and others, including my colleagues Brenoch Wirthlin and Tyre Gray) received stated, in part, as follows:

> Your throat will be slit you will be recorded as the blood spills from your neck and just as you gasp to take your final undeserving breath three bullets will be placed right through your skull You will be hunted to the ends of the earth young or old…

Included with the threat that was sent to me was an additional piece of paper which stated, "thee shall kicketh the bucket first..."

I do not think I can put into words the toll that these threats have taken on me. My health has suffered because of the stress of living with these threats. Seemingly insignificant things such as leaving my office to go to my car have become frightening, as I have been in constant fear that Ms. Smith is lying in wait for me or others. Being out in public has become practically impossible for me on some days, as I am in constant fear that I am being followed or that Ms. Smith is nearby, waiting to harm me.

Given (1) the way in which Ms. Smith's behavior escalated over time, (2) Ms. Smith's apparent inability to process, and/or complete disregard for the consequences which flow from her actions, and (3) the fact that only a few days ago, Ms. Smith escalated from threatening violence to actively trying to carry out her violent threats, if Ms. Smith is released, I am afraid that she will resume (and will be relentless in) her efforts to harm me and my co-workers. Further, I fear that any restrictions that the court would impose as a condition of release (e.g., staying away from myself and my law firm) would be completely disregarded by Ms. Smith. Ms. Smith has already been instructed by at least one judge (in Washoe County) that her actions come with serious consequences, and that if she continued to threaten those associated with my law firm, her future would be in jeopardy. This warning appears to have had zero effect on Ms. Smith, as only a few months later, Ms. Smith committed an armed assault on my co-worker. Since Ms. Smith has demonstrated that she has zero regard for the rules of society or the personal consequences she faces for threatening us and carrying out those threats, the only way for my co-workers and I to be safe is for Ms. Smith to remain in custody.

Finally, I think it is important to note where we started one year ago, and where we are now. One year ago, I began representing two corporate clients in a lawsuit to which Ms. Smith is not a party. Fast-forward twelve months, and now numerous employees of my firm (myself, Wade Beavers, Shawna Braselton, Brenoch Wirthlin, and Tyre Gray) are the subject of repeated and very disturbing behavior by Ms. Smith, to the point that one of my colleagues was forcibly attacked and had a gun pointed at him when Ms. Smith accosted him in his home. I simply cannot fathom the lengths Ms. Smith has undertaken to punish us simply for being involved in a case that does not even concern Ms. Smith. I am genuinely scared of what she will do if she is released, and for that reason, I respectfully urge the Court to keep Ms. Smith incarcerated.

Sincerely,

Shannon S. Pierce